UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Teela Cull,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Nevada Property 1 LLC, et al.,<br><br>　　　　Defendants. | Case No.: 2:13-cv-0004-JAD-GWF<br><br>**Order Granting Plaintiff's Motion to Amend [Doc. 27] and Denying Defendant Nevada Property 1 LLC's  Motion to Dismiss [Doc. 20]** |

　　　　Plaintiff Teela Cull alleges she is an internationally known fashion model and that Defendant, Nevada Property 1, LLC, operates the Cosmopolitan Hotel in Las Vegas, Nevada. Doc. 13, p. 2.  According to Cull, Nevada Property has placed large reproductions of her scantily clad image, throughout the Cosmopolitan Hotel's guest bathrooms to "associate the Hotel with a sexy mystique." *Id.* at 4.  Cull claims that she never consented to use of her image, which was taken by professional photographer Mike Schmidt during a private photo shoot for Cull's personal portfolio. *See id.*  According to Cull, Nevada Property acquired this image from Defendant Eaton Fine Art, the Cosmopolitan's interior decorator, who acquired it from Schmidt. *Id.*  The image allegedly has been displayed for "at least" two years prior to the time she originally filed the Complaint. *Id.*

　　　　Cull originally brought her claim in Nevada State court on December 3, 2012, whence it was removed to this Court on January 2, 2013. *See* Doc. 1.  She filed her First Amended Complaint on February 1, 2013, alleging violations of Nev. Rev. Stat. Ann. § 597.180, violations of Wash. Rev. Code § 63.60.050, unjust enrichment, quantum meruit, and seeking injunctive relief under Nevada state law.  Doc. 13, pp. 5-10.  At the time, Cull alleged that she was a resident of Washington State. *Id.* at 2.

On February 20, 2013, Nevada Property moved to dismiss a portion of Cull's First Amended complaint. Doc. 20. She then moved for leave to file a Second Amended Complaint to (1) add Schmidt as a Defendant, (2) add claims under several new Nevada law theories, and (3) as she represents that she has now moved to California, to add claims under California law for commercial misappropriation and violation of Cal Civ. Code § 3344.[1] Doc. 27.

Defendants do not oppose Schmidt's inclusion as a defendant or the addition of new Nevada law claims, but they do contest Cull's right to add the California claims, contending they are futile. Doc. 36; Doc. 37.[2] Having thoroughly considered the parties' briefs, for the reasons set forth below, Plaintiff's Motion for Leave to Amend is granted and Defendant's Motion to Dismiss is denied without prejudice and as moot.

**Discussion**

**A.    Plaintiff's Motion for Leave to File Second Amended Complaint**

Courts "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *Sonoma County Association of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013). This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [the Plaintiff] ought to be afforded an opportunity to test his claim on the merits." *Forman v. Davis*, 371 U.S. 178, 182 (1962).

In the Ninth Circuit, courts consider five factors when determining whether to grant leave: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). The analysis focuses on the bad faith of the

---

[1] Although Cull does not specifically indicate that she seeks to bring these theories under Nevada State law, she cites only Nevada authority in support of all three claims.

[2] Because Eaton's two-page response does little more than join in Nevada Property's Motion to Dismiss, the Court will refer to "Nevada Property" when referring to the Response.

party seeking to amend the complaint, as well as the prejudice to the other party. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 737 (9th Cir. 2013). "The consideration of prejudice to the opposing party carries the greatest weight." *Sonoma*, 708 F.3d at 1117 (quoting *Eminence Capital*, 316 F.3d at 1052). Moreover, "[f]utility alone can justify the denial of a motion to amend." *Johnson*, 356 F.3d at 1077.

A district court abuses its discretion where it denies a motion to amend that is not futile without making findings of prejudice or bad faith. *Bowles v. Reade*, 198 F.3d 752, 758-59 (9th Cir. 1999).

### 1.   **Bad Faith**

Cull states in conclusory fashion that this factor does not apply. Doc. 27, p. 6. Nevada does not address it at all. The Ninth Circuit has suggested that a proposed amended complaint may be offered in bad faith where it seeks to add "new but baseless legal theories." *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999). However, courts also recognize that a plaintiff seeking to amend a complaint does not act in bad faith when made aware of new factual allegations, that it acts expeditiously to correct. *Owens v. Kaiser Foundation Health Plain, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (finding that plaintiff demonstrated "substantial competent evidence" of failure to include allegations in original complaint, where new counsel had only recently become aware of material filings in related litigation).

Cull has not explained why she could not or did not assert her theories at an earlier date; however, as noted below, at least one of Cull's new theories of action is not baseless. This factor weighs in favor of granting the amendment.

### 2.   **Undue Delay**

Cull argues that there has been no undue delay because she filed her proposed amended complaint soon after Nevada Property filed its Motion to Dismiss, and courts have declined to find that undue delay existed where a party filed its Complaint while a Motion to Dismiss was pending. Doc. 27, p. 6. She also contends argues that her new claims "arise out

of the same nucleus of facts upon which the claims in Plaintiff's prior complaints are based; namely that Defendants have used, displayed, and benefitted from Plaintiff's image without her authorization and that she is damaged by the use of her image." *Id.* at 3.

"In assessing timeliness, we do not merely ask whether a motion was filed within the period of time allotted by the district court in a Rule 16 scheduling order. Rather, in evaluating undue delay, we also inquire whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (quotation omitted); *see Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991) (finding that an eight-month delay between the time a relevant fact was obtained to the time that leave to amend was sought was unreasonable). Consequently, "[d]elay alone does not provide sufficient grounds for denying leave to amend." *Hurn v. Retirement Fund Trust of Plumbing, Hearing and Piping Industry of Southern California*, 648 F.2d 1252, 1254 (9th Cir. 1981). An explanation that facts were not fully developed at the time the Complaint was filed should be supported by actual facts or theories gleaned during discovery. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990).

Cull explains that she recently moved to California, seemingly explaining the inclusion of these new California-law-based theories; but she does not demonstrate what additional facts have prompted her inclusion of the three new *Nevada* theories. Given that Nevada Properties has failed to raise any allegations of bad faith and Cull has provided at least a partial explanation of why she did not offer her new allegations until now, this factor is neutral.

**3.      Prejudice to the Opposing Party**

Cull contends that no prejudice will result to Defendants because discovery has yet to commence and no Rule 26(f) conference has occurred. Doc. 27, p. 3. She argues that because her claims are related to those brought in her original Complaint, Defendants will not be obligated to re-litigate new issues or engage in additional discovery. *Id.* at 4-5.

Nevada Property does not specifically respond to Cull's prejudice argument, a point which Cull emphasizes in her Reply.  Doc. 40, p. 3.

Although a Scheduling Order has been approved, discovery was stayed pending the Court's resolution of Nevada Property's pending Motion to Dismiss. Thus, at the time the Motion for Leave to Amend was filed, no discovery had been conducted.  This factor weighs in favor of allowing amendment.

### 4. Failure of Previous Amendments to Cure Pleading Deficiencies

Cull states in conclusory fashion that this factor does not apply.  Doc. 27, p. 6. Nevada Property mentions in passing that this is Cull's third "bite at the apple," although it does not otherwise argue that Cull's failure to plead these causes of action in her prior complaints should be preclusive.

The district court's discretion to deny a motion for leave to amend a complaint is particularly broad in a circumstance where "a plaintiff has previously been granted leave to amend and fails to add the requisite particularity to her claims." *Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1167 (9th Cir. 2009).  Although this would be Cull's second amendment, it is only her first request for leave, and it appears that she has at least one articulated reason for not making these changes earlier: she moved to California.  Moreover, this is not the situation in which the Court has previously directed amendment to more specifically assert a claim.  Accordingly, this factor weighs in favor of granting the proposed amendment.

### 5. Futility

Cull argues that her proposed amended complaint states plausible claims for relief. Doc. 27, pp. 5-6.  Cull argues that because Nevada Property's Motion to Dismiss is pending, there has been no finding any of her claims are implausible. *Id.* at 6.  She also contends that to the degree the futility of her new California allegations hinges on her domicile, Defendants have at best established the presence of a dispute of material fact, which is plainly insufficient for purposes of finding futility. *Id.* at 5.  In any event, Cull contends that these

disputes are properly resolved in a dispositive motion, not in the context of a motion to amend the Complaint. *Id.* at 2.

Nevada Property focuses its futility arguments on Cull's new California state law claims, arguing a series of theories including the inapplicability of California law to this case, contending that the State has no interest in applying its laws simply because Cull recently moved there. Doc. 36, pp. 5–10.

The Court does not find Cull's amendment futile. An amendment is futile when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency," *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (citing *Forman*, 371 U.S. at 182-83), or the amendment "would merely enlarge on the legal theory rejected" by the Court. *Kentmaster Manufacturing v. Jarvis Products Corp.*, 146 F.3d 691, 696 (9th Cir. 1998).

Defendants do not challenge as futile Cull's three new claims under Nevada law for public disclosure of private facts, intrusion upon the seclusion of another, and civil conspiracy.[3] Additionally, the Court finds that Cull's two new claims under California law are, for purposes of the extremely liberal Rule 15 standard, permissible.

### a. California Civil Code § 3344

Cull's proposed Fourth Claim for Relief is premised upon California Civil Code § 3344. To sustain such a cause of action, Cull must prove "(1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury." *Laws v. Sony Music Entertainment, Inc.*, 448 F.3d 1134, 1138 (9th Cir. 2006) (quotation omitted).

---

[3] Of these newly alleged Nevada claims, the Court notes Cull's new proposed claim for intrusion upon a seclusion of another. To recover for this tort, Cull must prove "1) intentional intrusion (physical or otherwise); 2) on the solitude or seclusion of another; 3) that would be highly offensive to a reasonable person." *People for Ethical Treatment of Animals v. Bobby Berosini, Ltd.*, 895 P.2d 1269, 1279 (Nev. 1995). "In order to have an interest in seclusion or solitude which the law will protect, a plaintiff must show that he or she had an actual expectation of seclusion or solitude and that that expectation was objectively reasonable." *Id.* The Court finds that this claim is reasonable, and thus even if her new California law claims are futile, there is an alternative basis upon which to grant leave to amend.

Cull's Complaint successfully pleads each of these elements.  First, although Nevada Property claims that Cull "alleges" that her likeness is being used but does not admit this fact, the Court for present purposes can accept as true the premise that her likeness is in fact used.  Second, the image is alleged to be used in the bathrooms of hotel rooms which Nevada Property rents, therefore removing serious dispute as to whether the image is being used for a commercial purpose.  Third, Cull alleges that Schmidt, who took the photograph in question, did not have a release from her to distribute the photograph to anyone else, when a model release is "basic procedure;" instead, Cull alleges that the photoshoot in question was designed for her personal portfolio, thus evidencing a lack of consent.  *See* Doc. 27-1, p. 5.  Fourth, Cull has alleged that she is a professional model with a vested—and highly remonstrative—interest in maintaining a certain "brand," which includes modeling for cosmetic companies.  *Id.* at 4–5.  She claims that having her image in a hotel bathroom is "cheesy" and "substantially likely to cause Ms. Cull to lose high paying campaigns and devalue her image in the industry."  *Id.* at 4.  Placement of reproductions of Cull's image in the Cosmopolitan's guest bathrooms to promote the hotel's "sexy mystique" can plausibly be highly offensive to a reasonable person.  In sum, Cull's allegations establish a plausible claim for relief, such that the proposed amended complaint is not futile.

Nevada Property contends that California has no interest in applying its law to a Complaint that was filed when Cull lived in another state.  *See* Doc. 36.  However, Cull's Amended Complaint alleges that she is currently domiciled in California, and Defendant does not dispute that the photographs in question in fact continue to hang in the Cosmopolitan hotel.  Courts have held that a plaintiff's current, and not former, state of residency, can hold the "greater interest" in adjudicating a dispute.  *See Page v. Something Weird Video*, 908 F. Supp. 714, 716 (C.D. Cal. 1995).  While the nuances of which state has the greatest interest in adjudicating the resolution of this continuing tort can be fleshed out in more detail during the course of a motion to dismiss, Rule 15(a) only requires the Court to scratch the surface of Cull's claim, which for present purposes is not futile.

### b. *California Commercial Misappropriation*

In her Fifth Count, Cull alleges that Nevada Property is liable to her under a theory of commercial misappropriation. To prove this tort, a plaintiff must prove: "(1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury." *Orthopedic Systems, Inc. v. Schlein*, 202 Cal. App. 4th 529, 544 (Cal. App. 1 Dist. 2011). These elements are identical to those discussed above in connection with Cull's claim for violation of California Civil Code § 3344, and the Court finds that for purposes of the Rule 15(a) standard, they are not futile.

**B.  Defendant's Motion to Dismiss**

Having granted Cull's leave to file an amended complaint, the Court denies Nevada Property's Motion to Dismiss as moot without prejudice to Nevada Property's right to reassert its arguments in response to Cull's Second Amended Complaint.

### Conclusion

Accordingly, based upon the foregoing reasons and with good cause appearing and no reason for delay,

It is **HEREBY ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint **[Doc. 27] is GRANTED**. Plaintiff is directed to file the Second Amended Complaint within 10 days of this Order.;

It is **FURTHER ORDERED** that Nevada Property's Motion to Dismiss **[Doc. 20] is DENIED** as moot and without prejudice to reassert Defendant's arguments after the Second Amended Complaint is filed.

DATED: November 20, 2013.

JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE